**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASSOCIATION OF WASHINGTON BUSINESS, *et al*., | No. 1:23-cv-03605-DLF |
| Plaintiffs, | |
| v. | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al*., | |
| Defendants, | |
| and | |
| STATE OF WASHINGTON, *et al*., | |
| Intervenor-Defendants. | |

**INTERVENOR-DEFENDANT STATE OF WASHINGTON'S
MOTION TO DISMISS**

Intervenor-Defendant State of Washington respectfully moves to dismiss this case for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. On December 20, 2024, the U.S. Environmental Protection Agency approved human health criteria that Washington recently adopted and submitted to EPA pursuant to section 303(c) of the Clean Water Act, 33 U.S.C. § 1313(c). In accordance with section 131.21(c) of title 40 of the Code of Federal Regulations and section 303(c) of the Clean Water Act, Washington's EPA-approved state criteria—not the federal criteria EPA promulgated in the agency action at issue in this case—are now the applicable water quality

standards for Clean Water Act purposes in Washington's waters. Accordingly, this case no longer presents live issues and the parties do not have a legally cognizable interest in its outcome, as is required for jurisdiction under Article III of the Constitution. The Court must dismiss this case for lack of subject-matter jurisdiction because it is constitutionally moot.

Alternatively, Washington respectfully moves the Court to exercise its equitable discretion to dismiss this case as prudentially moot. Plaintiffs' operations are now governed by the state criteria Washington adopted and EPA approved in 2024. Granting Plaintiffs the relief they request in this case—declaring as unlawful and setting aside ineffective, superseded federal criteria that EPA promulgated in 2022—is so unlikely to relieve their purported injuries that the Court should withhold that requested relief in favor of prudence and comity. If the Court does not dismiss this case as constitutionally moot, it should dismiss it as prudentially moot.

Washington's memorandum of points and authorities in support of this motion follows, and the Declaration of Adam L. Levitan and a proposed order are filed herewith.

## INTERVENOR-DEFENDANT STATE OF WASHINGTON'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### I.    BACKGROUND

The general history of the federal rule at issue in this case is discussed in the parties' prior briefing. *See, e.g.*, Dkts. #50, 52-1, 54-1. Relevant here, in 2022, EPA issued the final rule Restoring Protective Human Health Criteria in Washington, 87 Fed. Reg. 69183 (Nov. 18, 2022) (2022 Final Rule). Through the 2022 Final Rule, EPA promulgated 141 human health criteria for 75 toxic pollutants, including criteria for Polychlorinated Biphenyls (PCBs). In 2023, Plaintiffs filed suit against EPA challenging the 2022 Final

Rule. Dkt. #1. In their Complaint, Plaintiffs allege harm from the 2022 Final Rule's PCB criterion and request that the Court declare as unlawful and set aside the entirety of the 2022 Final Rule. *See generally* Dkt. #1. Washington, Quinault Indian Nation, Lower Elwha Klallam Tribe, Makah Indian Tribe, Port Gamble S'Klallam Tribe, and Puyallup Tribe of Indians intervened on behalf of EPA. Dkt. #47.

Plaintiffs moved for summary judgment on May 13, 2024. Dkt. #44. EPA, Washington, and the Tribes opposed and cross-moved for summary judgment. Dkts. #49, 50, 52, 53, 54, 55. EPA, Washington, and the Tribes argued the federal criteria were supported by sound science and that EPA's adoption of those criteria was not arbitrary or capricious. Dkts. #50, 52-1, 54-1. EPA additionally argued that Plaintiffs did not have standing. Dkt. #50 at 19–20.

In the reply memorandum it filed in support of its cross-motion for summary judgment, Washington informed the Court that it had initiated a rulemaking to adopt the 2022 Final Rule's criteria into state law. Dkt. #60 at 9–10. On November 27, 2024, Washington finalized that rulemaking, adopting as state water quality standards all of the 2022 Final Rule's criteria. Declaration of Adam L. Levitan (Levitan Decl.) ¶ 3, Ex. A (Rule-making Order); Wash. Admin. Code § 173-201A-240. Pursuant to section 303(c)(2) of the Clean Water Act, 33 U.S.C. § 1313(c)(2), Washington submitted these state-adopted criteria for EPA approval on December 2, 2024. Dkt. #63-1 at 1.

On December 20, 2024, EPA approved the state criteria that Washington had adopted pursuant to section 303(c)(3) of the Clean Water Act. Dkt. #63-1 at 8; *see* 33 U.S.C. § 1313(c)(3) ("If the Administrator . . . determines that [a state's revised or new water

quality] standard meets the requirements of [the Clean Water Act], such standard shall thereafter be the water quality standard for the applicable waters of that State."). EPA also indicated it would, at a later date, "remove the corresponding federal [human health criteria (HHC)] from the Code of Federal Regulations." Dkt. #63-1 at 8.

As EPA explained, however, "[i]n accordance with the EPA's WQS regulation at 40 C.F.R. § 131.21(c), because the HHC adopted by Washington are as stringent as the corresponding federal HHC, these state-adopted HHC [became] the applicable HHC for CWA purposes upon this approval." *Id.*; *see* 40 C.F.R. § 131.21(c)(2) (explaining that "once EPA approves [a state's] water quality standard, [the standard] becomes the applicable water quality standard for purposes of the Act" unless and until EPA promulgates a more stringent water quality standard). Consistent with Washington's Administrative Procedure Act, the state criteria Washington adopted on November 27, 2024, became effective on December 28, 2024. Levitan Decl. ¶ 3, Ex. A at 1.

On December 27, 2024, EPA notified the Court that it had approved the state criteria that Washington adopted a month earlier and planned to discuss with the parties the approval's impact on this case. Dkt. #63. Shortly thereafter, the parties began discussing whether EPA's approval of Washington's new state criteria warranted dismissing or staying this case. Levitan Decl. ¶ 4. Those discussions continued after the Court ordered that they submit a joint status report addressing the import of EPA's approval of those state criteria. *Id.* ¶ 5.

During the parties' discussions, EPA indicated it was willing to stipulate to an abeyance or dismissal of this case if all other parties agreed on one of those courses of

action. *Id*. ¶ 6. Plaintiffs did not stipulate to dismissal of this case, instead proposing that the case be held in abeyance. Because EPA's approval of Washington's new state criteria renders this case moot, Washington declined to stipulate to an abeyance and now brings this motion. *Id*.

## II.    LEGAL STANDARDS

A court's "constitutional authority extends only to actual cases or controversies." *Clean Water Action v. Pruitt*, 315 F. Supp. 3d 72, 85 (D.D.C. 2018) (Friedrich, J.) (quoting *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013)). Thus, Federal Rule of Civil Procedure 12(b)(1) permits a party to move for dismissal of a moot case because "mootness itself deprives the court of jurisdiction." *Clean Water Action*, 315 F. Supp. 3d at 85 (quoting *Indian River County v. Rogoff*, 254 F. Supp. 3d 15, 18–19 (D.D.C. 2017). Whether a case is constitutionally moot "must be assessed at 'all stages of review.'" *Clean Water Action*, 315 F. Supp. 3d at 85–86 (quoting *Decker v. Nw. Env't Def. Ctr.*, 568 U.S. 597, 609, 133 S. Ct. 1326, 185 L. Ed. 2d 447 (2013)). "If the court determines that it lacks jurisdiction because a claim is moot, the court *must* dismiss the claim." *Clean Water Action*, 315 F. Supp. 3d at 86 (emphasis added) (citing Fed. R. Civ. P. 12(b)(1), (h)(3)).

In evaluating a Rule 12(b)(1) motion, courts treat the complaint's factual allegations as true and make all inferences in favor of the plaintiffs. *Clean Water Action*, 315 F. Supp. 3d at 86. However, factual allegations receive "closer scrutiny" than in the Rule 12(b)(6) context. *Id.* (quoting *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016)). A motion under Rule 12(b)(1)—unlike Rule 12(b)(6)—also permits courts to "consider documents outside the pleadings to evaluate whether it has jurisdiction." *Clean Water*

*Action*, 315 F. Supp. 3d at 86 (citing *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)); *see also Campaign Legal Ctr. v. 45Committee, Inc.*, 666 F. Supp. 3d 1, 5 (D.D.C. 2023) (noting that courts have an "independent obligation" to ensure the existence of jurisdiction and "cannot ignore new evidence" when making that determination).

Courts also have equitable discretion to dismiss a case if it is prudentially moot. *Gordon v. Holder*, 85 F. Supp. 3d 78, 81–82 (D.D.C. 2015). A case is prudentially moot "[w]here it is so unlikely that the court's grant of remedy will actually relieve the injury" that a court should withhold the remedy. *Ctr. for Biological Diversity v. Regan*, 729 F. Supp. 3d 37, 50 (D.D.C. 2024) (alteration adopted and added) (quoting *Penthouse Int'l, Ltd. v. Meese*, 939 F.2d 1011, 1019 (D.C. Cir. 1991)). "Even when a case is not moot in the Article III sense, it will sometimes be 'so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant.'" *Gordon*, 85 F. Supp. 3d at 81 (quoting *Chamber of Commerce of U.S. v. U.S. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980)). In evaluating a motion to dismiss a case as prudentially moot, courts may consider evidence of events that transpire after initiation of the case. *Cmty. for Creative Non-Violence v. Hess*, 745 F.2d 697, 702 (D.C. Cir. 1984); *Finca Santa Elena, Inc. v. U.S. Army Corps of Eng'rs*, 62 F. Supp. 3d 1, 4–5 (D.D.C. 2014).

### III.    ARGUMENT

The federal criteria at issue in this case are no longer in effect. They have been replaced by Washington's new state criteria, which are now the applicable water quality

standards governing Plaintiffs' operations. As a result, there are neither live issues nor effective relief that the Court could award to Plaintiffs. Indeed, even if the Court determines there are deficiencies in EPA's federal criteria, those criteria already are not enforceable against Plaintiffs. Accordingly, this case is constitutionally moot and must be dismissed for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or 12(h)(3). Alternatively, this case is prudentially moot and should be dismissed as a matter of the Court's equitable discretion.

A.   **The Court Must Dismiss This Case for Lack of Subject-Matter Jurisdiction Because EPA's Recent Approval of Washington's New State Criteria Renders This Case Constitutionally Moot**

Cases become constitutionally moot if "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Clean Water Action*, 315 F. Supp. 3d at 86 (quoting *Schmidt v. United States*, 749 F.3d 1064, 1068 (D.C. Cir. 2014)). For example, "intervening events [may] make it impossible to grant the prevailing party effective relief" or a court decision may not "presently affect the parties' rights []or have a more-than-speculative chance of affecting them in the future."[1] *Clean Water Action,* 315 F. Supp. 3d at 86 (quoting *Lemon v. Geren*, 514 F.3d 1312, 1315 (D.C. Cir. 2008); *Aref v. Lynch,* 833 F.3d 242, 250 (D.C. Cir. 2016)).

---

[1] "Exceptions to the mootness doctrine may arise [] when a challenged action is 'voluntarily ceased' or 'capable of repetition yet evades review.'" *Clean Water Action*, 315 F. Supp. 3d at 86 (quoting *Cicero v. Mnuchin,*, 857 F.3d 407, 414–15 (D.C. Cir. 2017). "The party seeking jurisdictional dismissal must establish mootness, while the opposing party has the burden to prove that a mootness exception applies." *Reid v. Hurwitz*, 920 F.3d 828, 832 (D.C. Cir. 2019) (citing *Honeywell Int'l, Inc. v. Nuclear Regulatory Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010)).

This case is constitutionally moot due to an intervening event: EPA's approval of Washington's state criteria. Under statute and regulation, the state criteria replaced the challenged federal criteria and became the applicable water quality standards upon their approval. *See* 33 U.S.C. § 1313(c)(3) ("If the Administrator . . . determines that [a state's revised or new water quality] standard meets the requirements of [the Clean Water Act], such standard shall thereafter be the water quality standard for the applicable waters of that State."); 40 C.F.R. § 131.21(c)(2) ("once EPA approves [a state's] water quality standard, [the standard] becomes the applicable water quality standard for purposes of the Act" unless and until EPA promulgates a more stringent water quality standard).

Because the federal criteria Plaintiffs challenge in this case are no longer the applicable water quality standards, no live issues remain. *See Clean Water Action*, 315 F. Supp. 3d at 86 (concluding that a challenge to an indefinite stay by EPA was moot because the case "no longer present[ed] live issues" once the stay was withdrawn and replaced). The parties cannot maintain a legally cognizable interest in the outcome because the challenged criteria cannot and will not be enforced. *Cf. Fund for Animals v. Hogan*, 428 F.3d 1059, 1064 (D.C. Cir. 2005) (dismissing as moot a challenge to regulations that were "no longer in effect" and had been replaced by newer regulations).

Plaintiffs may argue that this case is not yet moot because EPA has not yet withdrawn the federal criteria being challenged. Not so. Regardless of whether the federal criteria are removed from the Code of Federal Regulations—by court order or through federal rulemaking—Plaintiffs are not subject to them. Instead, they are subject to the state's newly approved criteria. *See* 40 C.F.R. § 131.21(c); 33 U.S.C. § 1313(c)(3).

The only way the federal criteria currently in the Code of Federal Regulations could possibly become applicable again is if the federal criteria are still on the books at some future time that Washington's newly approved state criteria are vacated or withdrawn. But any such outcome depends *both* on EPA failing to follow through on its plan to remove them from the Code of Federal Regulations, Dkt. #63-1 at 8, *and* Plaintiffs bringing—and winning—additional, as-yet-unrealized challenges to either Washington's adoption of those criteria or EPA's approval of those criteria.

Such speculation cannot keep this case alive. A moot case cannot remain pending simply because a separate challenge might be brought or a separate action might be invalidated. *See Chamber of Commerce of U.S. v. EPA*, 642 F.3d 192, 208 (D.C. Cir. 2011) (concluding that a case was moot because the challenged state standards had been preempted by "federal regulations [that] are currently in force, subject to the usual presumption of validity," and "the possibility that [the federal regulations] may be invalidated is nothing more than speculation") (internal citation omitted). Future events are purely hypothetical and beyond the scope of this case and the Court's subject-matter jurisdiction.

For the same reasons, no effective relief can be granted in this case. Plaintiffs ask for declaratory judgments regarding the lawfulness of the federal criteria, as well as vacatur of those criteria. Yet, because the federal criteria are no longer applicable, there is, practically speaking, "nothing for the Court to vacate, and a declaratory judgment would be an impermissible advisory opinion."[2] *Clean Water Action*, 315 F. Supp. 3d at 86 (citing *Pub.*

---

[2] Moreover, in approving Washington's criteria, EPA effectively superseded its own criteria. Thus, even if the Court were to determine that there were deficiencies with EPA's federal criteria—there were not—those deficiencies would not be a basis to award relief. *Cf.*

*Serv. Elec. & Gas Co. v. FERC,* 783 F.3d 1270, 1274 (D.C. Cir. 2015) (collecting cases); *see also Montgomery Env't Coal. v. Costle*, 646 F.2d 568, 579 (D.C. Cir. 1980) (explaining that, once authority under the Clean Water Act has passed from the federal government to a state government, review of the federal government's prior decision "would be wholly academic" and any challenge to the original federal decision is moot).

In short, because Washington's new state criteria have replaced the federal criteria at issue in this case, any "determination of the rights and obligations of the parties . . . can emerge only upon consideration of the validity of" those state criteria and EPA's approval thereof. *Ctr. for Sci. in the Pub. Interest v. Regan*, 727 F.2d 1161, 1164 (D.C. Cir. 1984). But any such consideration must occur in a separate action. And because "nothing turns on [the] outcome" of this challenge to the federal criteria, the Court must dismiss it as constitutionally moot. *Schering Corp. v. Shalala*, 995 F.2d 1103, 1105 (D.C. Cir. 1993).

**B.      In the Alternative, the Court Should Exercise its Equitable Discretion To Dismiss This Case as Prudentially Moot**

If the Court determines that this case is not yet constitutionally moot, it should nonetheless exercise its discretion to dismiss this case as prudentially moot. Prudential mootness arises "[w]here it is so unlikely that the court's grant of remedy will actually relieve the injury" that "'considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to

---

*Ctr. for Sci. in the Pub. Int. v. Regan*, 727 F.2d 1161, 1164 (D.C. Cir. 1984) (explaining that a challenge to a superseded agency action was moot because the action "no longer has any force" and "further judicial pronouncement . . . would be purely advisory").

grant.'" *Ctr. for Biological Diversity*, 729 F. Supp. 3d at 50; *Gordon*, 85 F. Supp. 3d at 81 (internal citations omitted).

The power to declare a case prudentially moot is "a facet of equity" related to "the court's discretion in exercising" its power under Article III. *Penthouse Int'l, Ltd.*, 939 F.2d at 1019. And "whether to exercise a court's equitable powers is a matter for the trial judge's discretion." *Juluke v. Hodel*, 811 F.2d 1553, 1559 (D.C. Cir. 1987). Likewise, "[d]eterminations of [prudential] mootness . . . cannot be cabined by inflexible, formalistic rules, but instead require a case-by-case judgment regarding, the feasibility or futility of effective relief should a litigant prevail." *In re AOV Indus., Inc.*, 792 F.2d 1140, 1147–48 (D.C. Cir. 1986).

Here, Washington and EPA have taken actions that nullify the federal criteria under review in this case. As a state authorized to administer the Clean Water Act, Washington is entitled to "the benefit of comity." *Campaign Legal Ctr. v. Iowa Values*, 691 F. Supp. 3d 94, 108 (D.D.C. 2023); *see also Montgomery Env't Coal.*, 646 F.2d at 579 (dismissing "on grounds of mootness and federal-state comity" because "it is the state . . . and not the EPA that now has responsibility" for the relevant issue).

Further, effective relief would be futile even if Plaintiffs prevailed. Even if the Court were to declare unlawful and vacate the challenged federal criteria, Plaintiffs' purported injuries would not be redressed because Washington's newly adopted criteria—not the challenged federal criteria—govern Plaintiffs' operations. Again, any potential reversion to the federal criteria is dependent on a series of speculative assumptions based on hypothetical events. This is not enough.

To the contrary, the Court may dismiss a case as prudentially moot where, as here, "[t]he precise conduct that prompted th[e] suit has come to an end" and Plaintiffs have "ample opportunity . . . to renew their complaint" at a later date. *Finca Santa Elena, Inc. v. U.S. Army Corps of Eng'rs*, 62 F. Supp. 3d 1, 4 (D.D.C. 2014) (alteration in original) (quoting *U.S. Dep't of Energy*, 627 F.2d at 292). This case presents just such a situation.

It is unlikely that the relief Plaintiffs request in this case "will actually relieve" any alleged injury—"so unlikely" that the Court should dismiss this case as prudentially moot. *Ctr. for Biological Diversity*, 729 F. Supp. 3d at 50 (quoting *Penthouse Int'l, Ltd.*, 939 F.2d at 1019).

## IV.    CONCLUSION

The Court can no longer grant effective relief to Plaintiffs, as the federal criteria Plaintiffs challenge in this case are no longer in effect. Due to the adoption of state criteria, which have become the applicable water quality standards in Washington's waters, there are no longer live issues in this case. Accordingly, the Court has lost subject-matter jurisdiction and must dismiss this case as constitutionally moot. Alternatively, the Court should exercise its discretion to dismiss this case as prudentially moot because the

/ / /

/ / /

/ / /

equitable principles of prudence and comity dwarf the likelihood that Plaintiffs' requested

relief will relieve their purported injuries.

     DATED this 3rd day of February 2025.

                    NICHOLAS W. BROWN
                    Attorney General

                    *s/ Adam L. Levitan*
                    ADAM L. LEVITAN, WSBA #59818
                    Assistant Attorney General
                    (admitted per LCvR 83.2(e))
                    P.O. Box 40117
                    Olympia, WA  98504-0117
                    360-586-4616
                    Email:  *adam.levitan@atg.wa.gov*

                    *Attorneys for Intervenor-Defendant*
                    *State of Washington*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 3, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 3rd day of February 2025.

<u>*s/ Adam L. Levitan*</u>
Adam L. Levitan, WSBA #59818
Assistant Attorney General
360-586-4616
*adam.levitan@atg.wa.gov*
